UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MINNIE BELL PRICE, *et al*,

    Plaintiffs,

v.

ERIC DECKER THOMAS, *et al.*,

    Defendants.
_____/

Case No. 22-cv-12776
Hon. Matthew F. Leitman

### ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

In this *pro se* civil action, Plaintiffs Minnie Bell Price and Ronald James Cook have filed claims against several Michigan state-court prosecutors. (*See* Am. Compl., ECF No. 7.)  On January 23, 2023, the Court entered an order directing Plaintiffs to Show Cause why their Complaint should not be dismissed for lack of subject matter jurisdiction. (*See* Show Cause Order, ECF No. 10.)  Plaintiffs filed a Response to the Court's Show Cause Order on February 27, 2023. (*See* Resp., ECF No. 11.)  After carefully reviewing Plaintiffs' Complaint and Response to the Show Cause Order, the Court determines that it lacks subject matter jurisdiction over Plaintiffs' claims.  Plaintiffs' Complaint (ECF No. 1) is therefore **DISMISSED WITHOUT PREJUDICE.**

1

Federal courts are courts of limited jurisdiction. This Court has subject-matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject-matter jurisdiction and to dismiss the action if it lacks such jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).

As the Court noted in its Show Cause Order, it does not appear that Plaintiffs have raised a "federal question" in their Complaint. Plaintiffs' claims are difficult to follow, but it appears that they seek to bring claims arising out of certain state-court foreclosure proceedings. (*See* Am. Compl., ECF No. 7, PageID.125.)

The Complaint does not identify, for any named Defendant, what constitutional provision or federal statute the Defendant purportedly violated. Nor does Plaintiffs' Response to the Court's Show Cause Order identify any federal cause of action for Plaintiffs' claims. The allegations of record are therefore insufficient to establish this Court's "federal question" jurisdiction over Plaintiffs' claims.

Instead, Plaintiffs appear to assert in their Response to the Show Cause Order that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (*See* Resp., ECF

2

No. 11, PageID.220.) Plaintiffs both reside in Michigan, but they argue that they are nevertheless "foreign person[s]" because they are "Moorish subject[s]" under the "sovereignty of the Moroccan Empire." (*Id.*) The Court disagrees. "Federal courts routinely have rejected assertions of Moorish citizenship to establish that the parties are diverse." *Tolosa v. Gilmore-Bey*, 2019 WL 1325806, at *2 (E.D. Mich. Jan. 25, 2019); *see also LSF9 Master Participation Trust v. Gregory Tucker*, 2019 WL 562659, at *1 (D. Del. Oct. 30, 2019) ("As noted by other courts, an individual's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exits, and the ploy is not new."); *Smith ex rel. Bey v. Kelly*, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012) ("The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside.").

In sum, the allegations of record are insufficient to establish this Court's subject matter jurisdiction over Plaintiffs' claims, and the arguments in Plaintiffs' Response to the Court's Show Cause Order do not persuade the Court that it has subject matter jurisdiction over this action. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED.**

                                                     s/Matthew F. Leitman
                                                     MATTHEW F. LEITMAN
                                                     UNITED STATES DISTRICT JUDGE

Dated: February 28, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126